## STANDRIDGE *vs.* STANDRIDGE.

1. Where a citizen of this State files a Libel for Divorce against a non-resident defendant, service must be made by publication; and if the defendant appears by Attorney, and without pleading to the jurisdiction of the Court, files a plea of the general issue, and a special plea to the merits, the jurisdiction of the Court is complete, and the judgment will be valid and binding to all intents and purposes whatsoever.

2. The grounds of divorce are regulated by the *lex fori.*

Libel for Divorce, in Towns Superior Court. Tried before Judge Rice, at the May Term, 1860.

The record in this case discloses the following state of facts, to wit:

On the 5th day of October, 1854, John B. Standridge and Dulcinea Padget were married in due form of law. The parties lived together in harmony until some time in the spring of 1855, when the said Dulcinea, being in feeble health, went back to her father's house, and remained there sick until August, 1855. She was solicited and importuned to return to the home of her husband, but peremptorily declined to do so, at the same time avowing her determination never to live with him again. She persisted in her refusal to live with her husband until he removed to the State of Georgia, and more than three years had elapsed from the time she refused to return to her husband's home and the filing of the libel for divorce in this case. The marriage and the separation both occurred in Cherokee county and State of North Carolina, and the said Dulcinea never did reside in Georgia. Under these circumstances, John B. Standridge filed a libel in Towns Superior Court against the said Dulcinea, praying a dissolution of the marriage contract, on the ground of wilful and continued desertion of him by the said Dulcinea for more than three years anterior to the filing of said libel. Service of the libel was duly perfected by publication, according to the laws of this State, and the defendant appeared by her counsel and answered said libel, alleging first, that she was not guilty of the desertion charged, and, second, that, if she was, it was entirely the fault of the plaintiff, and owing to his habits of intoxication and cruel treatment of her.

The only question made in the case is: whether or not the Superior Court of Towns county had jurisdiction to decree a divorce between the parties?

The presiding Judge in the Court below awarded a nonsuit of the plaintiff, on the ground that the Court did not have such jurisdiction, and·the plaintiff excepted, and now assigns the decision as error.

WEIL & PHILLIPS, for the plaintiff in error.

MARTIN, represented by EZZARD, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Had the Court jurisdiction of this case? We think so most clearly. The husband had been a citizen of this State for two years before the libel was filed. The Act of 1802—*Cobb*, 223 —passed to carry out the 9th section of the third article of the Constitution makes express provision for service by publication in divorce cases, where the defendant is out of the State. Of course, this gives the Court jurisdiction under the law, whatever may be the force and effect of the judgment rendered in the case elsewhere than in Georgia. The statute of the State having provided this mode of service, which, the record shows, was observed, how can a Georgia Court refuse to act upon it?

But, here, the defendant appeared by attorney—as it is declared a defendant may do, under the Act already cited—who does not, in the language of the judge, protest all the time against the proceeding. But, on the contrary, there is no plea filed to the jurisdiction of the Court, but a plea of the general issue, and a special plea to the merits of the libel, denying the culpability of the wife, and charging upon the husband, as the cause of her abandonment, the· drunkenness and ill-treatment of her husband. If this will not confer jurisdiction upon the Court, nothing short of personal service can. But such, we apprehend, is not the law.

As to the ground of divorce, the Courts will judge that by their own law, and not by the law of North Carolina, where the parties were married. Desertion may not be a sufficient cause for dissolving the contract in that State, but if it is in this State, the divorce will be granted.

Without intending to reflect upon the wife in this case—for I take it for granted, the libellant is to blame—still I warn all plain men against marrying women by the euphonious names of Dulcinea, Felixina, etc., these melting, mellifluent names will do for novels, but not for every-day life.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, upon the ground that the Court erred in nonsuiting the case for want of jurisdiction.